**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ENERGY EXPLORATION TECHNOLOGIES, INC., d/b/a ENERGYX,<br><br>*Plaintiff*,<br><br>v.<br><br>THEODORE DILENSCHNEIDER,<br><br>*Defendant*. | Civil No. 26- cv-01709 |

## NOTICE OF REMOVAL

Defendant Theodore Dilenschneider ("Mr. Dilenschneider") gives notice of the removal of the action pending in the Commonwealth of Puerto Rico, Court of First Instance, San Juan Part, Energy Exploration Technologies, Inc. d/b/a EnergyX v. Theodore Dilenschneider., Civil No. SJ2026CV06145 (the "State Court Action"), on the following grounds.

1. On July 22, 2026, Energy Exploration Technologies, Inc. d/b/a EnergyX ("EnergyX") filed the State Court Action seeking declaratory relief concerning Mr. Dilenschneider's alleged equity rights in EnergyX, specific performance of certain contractual obligations, and, alternatively, enforcement of a contractual option to repurchase his shares. See **Exhibit 1**, Complaint.[1]

2. On August 14, 2026, the State Court authorized service of process by publication. The summons was published on August 20, 2026, and EnergyX subsequently represented that it mailed the summons and Complaint by certified mail to Mr. Dilenschneider on August 21, 2026.

[1] Defendant is moving for leave to file in Spanish the Complaint and all other documents filed or issued in the State Court Action (Exhibit 1) pending certified translations in English, and for an extension of time to prepare and submit the certified translations.

EnergyX filed the State Court Action nearly four months after Dilenschneider commenced an action against EnergyX before this Court on May 29, 2026, Theodore Dilenschneider v. Energy Exploration Technologies, Inc. d/b/a EnergyX, Civil No. 3:26-cv-01335, involving substantially the same agreements, equity interests, and underlying controversy. Despite EnergyX's and its counsel's knowledge of the previously filed federal action, Dilenschneider's domicile in Indiana, and the identity of his counsel, EnergyX proceeded with service by publication and certified mail to an address in Texas. Dilenschneider maintains that service was defective and expressly reserves all objections thereto. Moreover, Dilenschneider maintains that EnergyX's duplicative claims are without merit and should have been asserted, if at all, as compulsory counterclaims in the previously filed federal action pursuant to Fed. R. Civ. P. 13(a). See **Exhibit 1**.

3. On October 30, 2026, the State Court notified a default judgment against Mr. Dilenschneider. See **Exhibit 1**, Default Judgment.[2]

4. Pursuant to 28 U.S.C. § 1446(b)(1), a defendant has thirty (30) days to file a notice of removal following receipt of the initial pleading, through service or otherwise. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). Mr. Dilenschneider has not been properly served with process in the State Court Action and first learned of its existence, including the default judgment entered against him, yesterday, November 3, 2026, through a news alert. Thus, this Notice of Removal, filed just one (1) day after Mr. Dilenschneider first became aware of the proceedings, is timely under § 1446(b)(1). Mr. Dilenschneider expressly reserves all

[2] Dilenschneider expressly disputes the validity of the default judgment entered in the State Court Action and reserves all rights to seek appropriate relief from that judgment, including on the grounds of defective service of process and lack of personal jurisdiction. Nothing in this Notice of Removal shall be construed as a waiver of any such objections, defenses, or remedies.

objections to service of process, personal jurisdiction, and the validity of the default judgment entered in the State Court Action.

5. This case is removable to this Court because this Court has original jurisdiction under diversity grounds pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

6. Plaintiff EnergyX is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, with its principal offices in Puerto Rico. See **Exhibit 1.**

7. Defendant Dilenschneider is an individual domiciled in Indiana and, therefore, a citizen of Indiana for purposes of diversity jurisdiction. Accordingly, complete diversity of citizenship exists between the parties.

8. In addition, the amount in controversy exceeds $75,000. Although in the State Court Action EnergyX does not expressly seek monetary damages, the object of the litigation is, among others, Mr. Dilenschneider's equity interest in EnergyX, which Plaintiff seeks to extinguish or, alternatively, acquire through the enforcement of a contractual repurchase option. See Exhibit 1, Complaint. In the previously filed federal action involving the same equity interests, Mr. Dilenschneider expressly alleged economic damages exceeding $75,000 resulting from EnergyX's dilution of his ownership interest. See Dilenschneider v. Energy Exploration Technologies, Inc., Civil No. 3:26-cv-01335, ECF No. 1 ¶ 110. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977). "Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation." Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004). Accordingly, the value of the rights at issue plausibly exceeds the jurisdictional threshold.

9. Thus, all requirements for diversity jurisdiction are met. See, 28 U.S.C. § 1332(a)(1).

10. Accordingly, this action may be, and is hereby, properly removed to this Court under 28 U.S.C. §§ 1441(a), and 1446(a) and (b)(1).

**WHEREFORE**, Defendant Theodore Dilenschneider gives notice of the removal of this action, and requests that the action proceed in this Court under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446(a) and (b)(1).

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on November 4, 2026.

**WE CERTIFY** that a copy of this filing was sent to: Joel Andrews Cosme Morales, Esq. (joel.cosme@poalalaw.com) and Félix Colón- Serrano (felix@csz.law).

**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce de León Ave., Suite 900
San Juan, PR 00918
Tel: (787) 705-2174
Fax : (787) 936-7494

*s/ Manuel A. Pietrantoni*
Manuel A. Pietrantoni
USDC-PR No. 219805
mpietrantoni@mpmlawpr.com

*s/Carolina Velaz-Rivero*
Carolina Velaz-Rivero
USDC-PR No. 300913
cvelaz@mpmlawpr.com